UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI ANN DREWS,

    Plaintiff,

v.

COUNTY OF BERRIEN,

    Defendant.
_____/

Case No. 1:18-CV-711

HON. GORDON J. QUIST

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Lori Ann Drews, brought this civil action against Defendant, County of Berrien, alleging that she was terminated due to her age in violation of the Age Discrimination and Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and the Elliott-Larsen Civil Rights Act (ELCRA), Michigan Compiled Laws § 37.2101 *et seq*. Defendant filed a motion for summary judgment, arguing that Plaintiff cannot make out a prima facie case of age discrimination, and, even if she could, she cannot show that the reason for her termination was pretext. (ECF No. 59.) Plaintiff filed a response, and Defendant filed a reply. (ECF Nos. 61, 62.) Having considered the parties arguments, the Court will grant Defendant's motion.[1]

### I. BACKGROUND

Plaintiff was born in January 1960. Plaintiff is a high school graduate and worked for an advertising agency after graduation, performing payroll functions. Plaintiff left when the advertising agency went out of business. In June 1982, Plaintiff began working for the Berrien

---

[1] Both parties requested oral argument on the motion. However, because the motion can be decided on the briefing and the record before the Court, the Court will decline to hold oral argument.

County Road Commission as a secretary. In 2008 or 2009, Plaintiff became a full-time payroll clerk, but the installation of a new computerized kiosk system reduced the amount of time that Plaintiff spent on payroll and, so, she assumed other administrative responsibilities.

The Road Commission operated as a municipal entity separate from Berrien County (Defendant). However, beginning in 2013, the Berrien County Board of Commissioners considered dissolving the Road Commission, and the Commission ordered Berrien County Administrator William Wolf to prepare a feasibility study regarding the dissolution. The Commissioners did not decide to dissolve the Road Commission at that time. But on September 28, 2017, after ordering an updated feasibility study from Wolf, the Board of Commissioners voted to disband the Road Commission and assume direct responsibility for the maintenance of county roads and related matters under a newly-created Road Department. Former Road Commission employees, such as Plaintiff, became Berrien County Road Department employees. Louis Czokasy, a man in his 70s who had resigned from the Road Commission in Spring 2017, was hired as the Interim Director of the Road Department. The payroll responsibilities for Road Department employees were consolidated with the Berrien County payroll system, and, as contemplated by the feasibility studies, Plaintiff's position was eliminated on December 1, 2017.[2]

## II. MOTION STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that

---

[2] The feasibility studies from 2013 and 2017 contemplated a reduction of one full-time employee from administrative office staff. (*See* Def.'s Exs. 3 and 4, ECF Nos. 60-3 and 60-4.) Both Wolf, who prepared the feasibility studies, and Shelly Jasper, the Human Resources Director for Berrien County, testified that the elimination of the payroll clerk position that Plaintiff held was because the County simply added the payroll responsibilities for the 65-70 Road Department employees to the payroll responsibilities for the 700+ existing County employees. (Wolf Dep., ECF No. 60-2 at PageID.286-87; Jasper Dep., ECF No. 60-5 at PageID.318-20.)

2

the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin Coll.*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734–35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813–14 (6th Cir. 2006).

### III. AGE DISCRIMINATION CLAIMS

"The ADEA prohibits an employer from discharging an individual 'because of such individual's age.'" *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282–83 (6th Cir. 2012) (quoting 29 U.S.C. § 623(a)(1)). Likewise, the ELCRA does not allow an employer to "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . age." Mich. Comp. Laws 37.2202(1)(a). "ELCRA claims are analyzed under the same standards as federal ADEA claims." *Geiger v. Tower Auto.*, 579 F.3d 614, 626 (6th Cir. 2009).

Plaintiff can establish age discrimination by direct or circumstantial evidence. *Blizzard*, 698 F.3d at 283. "Direct evidence of discrimination is that evidence which, if believed, requires

3

the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). In the absence of direct evidence of age discrimination, the claim is analyzed under the burden-shifting framework of *McDonell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). The first step of the analysis is determining whether Plaintiff has established a prima facie case of age discrimination by showing: (1) she was at least 40 years old at the time of the alleged discrimination; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) she was replaced by someone substantially younger. *Browning v. Dep't of Army*, 436 F.3d 692, 695 (6th Cir. 2006).

If Plaintiff makes a prima facie showing, the burden shifts to Defendant to "articulate some legitimate, nondiscriminatory reason for the termination." *Blizzard*, 698 F.3d at 283 (internal quotation marks omitted). "If the defendant meets this burden, then the burden of production shifts back to the plaintiff to demonstrate that the proffered reason is a pretext." *Id*. Plaintiff may prove pretext by demonstrating that "(1) that the proffered reason had no basis in fact, (2) that the proffered reason did not actually motivate the termination, or (3) that the proffered reason was not sufficient to motivate the discharge." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000).

### IV. ANALYSIS

The Court finds that Plaintiff did not carry her "burden. . . to show that age was a 'but-for' cause of the employer's adverse action," *Blizzard*, 698 F.3d at 283 (some internal quotation marks omitted), and, therefore, Defendant is entitled to summary judgment.

First, Plaintiff has not offered direct evidence of age discrimination. Plaintiff points to comments that she argues are direct evidence of age discrimination:

- "Why are you even still working?" "At [your] age, why would [you] want to?'
- "Lori's been here when dinosaurs roamed the earth."

4

- "She's been here since before Christ."

- "Lori, you're old enough to be our mother."

- "Just ask Lori, she'll know where it's at.  She's been here a number of years."

(Drews Dep., ECF No. 61-16 at PageID.579-80.)   These comments, however, are not direct evidence of discrimination because Plaintiff has failed to show "that the remarks were causally related to" her discharge from employment.  *Sniecinski v. Blue Cross & Blue Shield of Michigan*, 469 Mich. 124, 135-36, 666 N.W.2d 186, 194 (2003).  The only people identified by Plaintiff as those involved in the decision to eliminate her position were Czokasy, Jasper, Wolf, and possibly Kari Bennett, who also worked on administrative tasks for the Road Department.  The only comment Plaintiff has attributed to any of those individuals was that Czokasy asked her on numerous occasions why she would want to continue working at her age.  Czokasy is older than Plaintiff by at least a decade, and there is no indication in the record that Czokasy's comment was made in connection with the elimination of Plaintiff's position. The comment is not clearly indicative of discriminatory bias because it could be interpreted as friendly banter about retirement plans—particularly considering Czokasy's age.[3]

Next, Plaintiff has not established a prima facie case of age discrimination.  Plaintiff can show that she satisfies the first three elements—at least for the purposes of deciding a summary judgment motion—but she cannot establish the final element: that she was replaced by someone substantially younger.  *See Browning*, 436 F.3d at 695.  Plaintiff points to three individuals as potential comparators: Olivia Nichols, Andrew Pudell, and Adri Boone.  Nichols was hired to

---

[3] Even if Plaintiff could show a causal relation, the comments are better characterized as stray remarks.  "Factors to consider in assessing whether statements are 'stray remarks' include: (1) whether they were made by a decision maker or an agent within the scope of his employment, (2) whether they were related to the decision-making process, (3) whether they were vague and ambiguous or clearly reflective of discriminatory bias, (4) whether they were isolated or part of a pattern of biased comments, and (5) whether they were made close in time to the adverse employment decision."  *Sniecinski*, 469 Mich. at 136 n.8, 666 N.W.2d at 194.

replace Betty Baur, a payroll employee for the County who retired in fall 2017. However, as Plaintiff concedes, Nichols was not hired to replace Plaintiff, as she was hired before Plaintiff's position was eliminated. (ECF No. 61 at PageID.464.) Pudell and Boone were both hired in October 2017, nearly a year after Plaintiff's position was eliminated, when Jason Latham, the new Director of the Road Department, requested additional administrative help. Regardless of Pudell and Boone's age or qualifications, there is no colorable argument that they were hired as replacements for Plaintiff when the positions were not even available until several months after Plaintiff's employment with the County ceased.

Finally, even if Plaintiff could make out a prima facie case of discrimination, Defendant has offered a legitimate, non-discriminatory reason for the elimination of Plaintiff's position. Plaintiff was a payroll clerk, and when payroll responsibilities were assumed by the County, there was no need for her position. In fact, the feasibility study dating back to 2013, four years prior to Plaintiff's discharge from employment, showed that Plaintiff's position could be eliminated if the Road Commission were dissolved. Plaintiff cannot show that elimination of her position was pretext for discrimination.

## V. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (ECF No. 59) is **granted**. Plaintiff's claims against Defendant are **dismissed with prejudice**.

This case is **concluded**. A separate judgment will enter.

Dated: February 24, 2020 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

6